UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILTON AL STEWART,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>            Plaintiff,<br><br>    v.<br><br>Marc Davis Insurance Agency, Inc.<br>d/b/a Marc Davis State Farm,<br>and Marc Davis, an individual,<br><br>            Defendants. | CIVIL FILE NO.<br><br>_____<br><br><br><br><br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action for injunctive and other appropriate relief against Defendants Marc Davis Insurance Agency, Inc. d/b/a Marc Davis State Farm and Marc Davis (hereinafter referred to collectively as "Defendants") pursuant to the anti-retaliation provision of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), Section 15(a)(3), 29 U.S.C. §§ 215(a)(3).

**I. JURISDICTION**

1

1. This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 28 U.S.C. §§ 1331 (federal question), and 1345 (United States as plaintiff).

2. Venue lies in the United States District Court, Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the instant claims occurred in this district

## II. PARTIES

1. Defendant Marc Davis Insurance Agency, Inc. d/b/a Marc Davis State Farm, at all times hereinafter mentioned, has been a Georgia corporation licensed to do business in the State of Georgia, with a principal place of business at 414 N. Hairston Road, Suite 1200, Stone Mountain, DeKalb County, Georgia 30083, (the "Workplace").

2. Defendant Marc Davis, an individual doing business in Atlanta, Georgia, at all times hereinafter mentioned, is and has been the owner of Marc Davis Insurance Agency, Inc. d/b/a Marc Davis State Farm, and has acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees, including the hiring and termination of workers, and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

3. At all times hereinafter mentioned, each defendant has been a "person" within the meaning of Section 3(a) of the Act, 29 U.S.C. § 203 (a) in that each has been an "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4. At all times relevant to this Complaint, Defendants' employee, Lashawn Maxwell ("Complainant") was employed by the Defendants and was an employee employed by an employer as defined by Section 3(e) of the Act, 29 U.S.C. § 203(e).

### III. COVERAGE

At all times hereinafter mentioned:

1. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

2. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated),

constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## IV. FACTUAL ALLEGATIONS

1. At all times relevant to this Complaint, Complainant worked as a Staff Agent at the Workplace. Defendants paid her bimonthly for 80 hours of work per bimonthly period.

2. On July 15, 2019, Complainant wrote Defendants a letter, noting that she did not receive her wages on the first of the month as scheduled and incurred late fees as a result of her untimely payment of wages.

3. On July 28, 2019, Complainant wrote Defendants a second letter, observing that Defendants had failed to respond to her July 15, 2019 letter, discussing Defendants' untimely payment of wages, and stating "I am asking you to settle this matter without any retaliation on your behalf of me speaking up."

4. At 4:43 pm on August 20, 2019, Complainant sent an email to Defendants with the subject line "Hourly Wage Concern." In this email, Complainant stated that she had contacted the Georgia Department of Labor and the Internal Revenue Service and learned that she should be paid for 86.67 hours per pay period if she is paid bimonthly, rather than the 80 hours per pay period paid by Defendants. Complainant further expressed her hope that she may settle

this matter amicably with Defendants and that she would contact the Human Resources Department and Internal Affairs of State Farm if the matter was not resolved within 24 hours.

5. At 9:37 am on August 21, 2019 Defendant Marc Davis responded to Complainant's emails by terminating her employment and sending her an email stating, "Based on these allegations and lack of trust that has been eroded within this office environment I am here [sic] relieving Lashawn Maxwell of here [sic] duties at M. Davis Insurance inc effective today 08/21/2019."

## V.  VIOLATION

By unlawfully discriminating against Complainant, in that Defendants terminated her for exercising rights protected under the Act, since August 21, 2019, Defendants have violated § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for Judgment against Defendant and requests that the Court issue an Order as follows:

1. Finding that Defendants unlawfully discriminated against Complainant Maxwell in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

2. Pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their agents, officers, servants, employees and all persons in active concert or participation with Defendant from prospectively violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. §§ 207 and 215(a)(3);

3. Requiring Defendants to pay Complainant Maxwell back wages accrued since August 21, 2019 as a result of Defendants' discriminatory actions pursuant to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3) together with an additional equal amount as liquidated damages, to Complainant Maxwell pursuant to section 16(c) of the Act, 29 U.S.C. § 216 (c);

4. Requiring Defendant to pay Complainant Maxwell for any costs, expenses, and any other damages she has suffered or incurred as a result of Defendants' discriminatory actions; and,

5. Granting the Secretary all further legal and equitable relief as may be necessary or appropriate to effectuate the purposes of Section 15(a)(3) of the Act.

Respectfully submitted this 17th day of March 2021.

| | |
|---|---|
| <u>ADDRESS</u>: | ELENA S. GOLDSTEIN<br>Deputy Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, Georgia 30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>CHARNA C. HOLLINGSWORTH-MALONE<br>Counsel |
| TELEPHONE:   (678)237-0613<br>FACSIMILE:    (404) 302-5438<br>Email:<br>Murphy.kristin.r@dol.gov<br>Atl.fedcourt@dol.gov | BY: *Kristin R. Murphy*<br>      KRISTIN R. MURPHY<br>      Senior Trial Attorney |

U.S. Department of Labor
Attorneys for Plaintiff

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, SW
Room 7T10
Atlanta, GA 30303
Murphy.kristin.r@dol.gov
atl.fedcourt@dol.gov

SOL Case No. 20-00417

7